UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| PRINCE B. NTIM, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 09-CV-2032 |
| ) | |
| GANESH K. REDDY, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

On February 4, 2009, pro se Plaintiff, Prince B. Ntim, filed a 42 U.S.C. § 1983 Complaint (#1) against Officer Ganesh K. Reddy of the Champaign Police Department, alleging gross and negligent conduct against Officer Reddy arising out of an incident at the Hilton Garden Inn Hotel in Champaign on February 2, 2008, where Plaintiff was forcibly removed and arrested for resisting a police officer. Plaintiff was found not guilty at his criminal trial.

Defendant Officer Reddy filed his Answer (#7) on March 9, 2009. On March 10, 2009, Magistrate Judge David G. Bernthal set the matter for a Rule 16 Scheduling Conference on April 30, 2009. Plaintiff failed to appear at the conference set for April 30, 2009. On that date Defendant made an Oral Motion to Dismiss for Lack of Prosecution. A Notice (#12) of the Oral Motion was sent to Plaintiff at his Chicago address that same day.

On May 5, 2009, Judge Bernthal entered an Order to Show Cause (#14), ordering Plaintiff to appear before this court on May 20, 2009, and show why this cause should not be dismissed for lack of prosecution. Plaintiff was warned that failure to appear would result in the summary

dismissal of the complaint with prejudice. The Clerk of the Court was directed to mail a copy of the order via regular U.S. mail service in addition to return receipt requested/certified mail service. This was done. On May 15, 2009, according to the Clerk's Notes, the Clerk received a telephone call from Plaintiff and Plaintiff was informed of the May 20, 2009, date by the Clerk and that he was to appear before this court in Courtroom A at 2:00 pm. Plaintiff was also told that any questions he plans to ask should be in writing before the court or that he could let the court know of his concerns at the May 20, 2009 hearing.

Plaintiff again failed to appear at the May 20, 2009, hearing on the Order to Show Cause, and this court issued a Judgment (#15) DISMISSING Plaintiff's claim with prejudice. On May 21, 2009, Plaintiff called the Clerk's Office asking what he could do, and the clerks informed him they could not provide him with legal advice. On May 29, 2009, Plaintiff filed a Motion to Vacate Dismissal for Lack of Prosecution and to Reinstate Case (#16), where Plaintiff claims he was tending to his sick mother who required round the clock care, that his cause is meritorious and should go to trial, and that reinstating the case will not prejudice Defendant. Plaintiff included doctor's notes saying he needed to supervise his mother's care. A Response date by Defendant was set for June 15, 2009, but no Response has been filed.

## ANALYSIS

District courts possess the inherent authority to dismiss cases sua sponte for a failure to prosecute. Grun v. Pneumo Abex Corp., 163 F.3d 411, 425 (7th Cir. 1998). However, dismissal for failure to prosecute is a harsh sanction which should usually be employed only in extreme situations where there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable. Grun, 163 F.3d at 425. The Seventh Circuit has held that there must be

an explicit warning before the case is dismissed for failure to prosecute. Grun, 163 F.3d at 425. Each case that is dismissed for lack of prosecution must be reviewed in light of its particular facts and procedural history. Grun, 163 F.3d at 425. The power of the district court dismiss a case for lack of prosecution is discretionary, and a reviewing court will only find an abuse of discretion when it concludes that the district court's decision was fundamentally wrong or when it is clear that no reasonable person could concur in the district court's assessment of the issue under consideration. GCIU Employer Retirement Fund v. Chicago Tribune Co., 8 F.3d 1195, 1199 (7th Cir. 1993).

In the instant case, on March 10, 2009, Judge Bernthal set the matter for a Rule 16 Scheduling Conference to take place on April 30, 2009. The Clerk's notes indicate a copy was mailed to Plaintiff on that date. Plaintiff did not show in court on April 30 before Judge Bernthal. The record indicates that defense counsel said he tried to contact Plaintiff by mail twice with no response. On that same day, Defendant made an oral motion to dismiss and a Notice (#12) of the Oral Motion was sent to Plaintiff at his Chicago address that same day. On May 5, 2009, Judge Bernthal entered an Order to Show Cause (#14), warning Plaintiff that failure to appear would result in summary dismissal. The Clerk of the Court was directed to mail a copy of the order via regular U.S. mail service in addition to return receipt requested/certified mail service. This was done. On May 15, 2009, Plaintiff even phoned the clerks' office and was informed by them about the May 20, 2009, court date. Still, Plaintiff did not appear on May 20 nor did he try to contact the court about requesting a continuance or file any motion asking for a delay. Only after the fact did Plaintiff again contact the court and then, nine days later, filed this Motion to Vacate. Plaintiff has been contacted numerous times via mail by the court concerning upcoming court dates and has been warned of the consequences of missing those court dates. Plaintiff chose to do nothing and as a result his case was

dismissed.  Plaintiff's Motion to Vacate Dismissal for Lack of Prosecution and to Reinstate Case (#16) is DENIED.

IT IS THEREFORE ORDERED:

(1) Plaintiff's Motion to Vacate Dismissal for Lack of Prosecution and to Reinstate Case (#16) is DENIED.

(2) This case is terminated.

ENTERED this   24th   day of June, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE